United States District Court
Southern District of Texas
**ENTERED**
May 05, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROY EARL BROWN, TDCJ #00776465, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. H-20-4078 |
| § | |
| BRIAN COLLIER, *ET AL.*, § | |
| § | |
| *Defendants*. § | |

### ORDER TO ANSWER

Plaintiff, a state inmate proceeding *pro se*, filed this civil lawsuit under 42 U.S.C. § 1983 against Texas Department of Criminal Justice ("TDCJ") and University of Texas Medical Branch ("UTMB") employees alleging violations of his constitutional rights. He names as defendants TDCJ employees Bryan Collier, Warden Daniel D. Dickerson, Warden Timothy R. Fitzpatrick, Major Caler M. Brumley, Captain John M. Hastings, Captain Anita L. Anderson, Lt. Brenda R. Phillips, Lt. Nicholas A. Ferguson, Sgt. Soloman T. Oddi, Sgt. Vandell Dawson, Sgt. Skylar A. Dolphin, Sgt. Raul G. Cisneros, Sgt. FNU Benson, Sgt. Forrest H. Goodman, Sgt. Jesus/Javier F. Sequi, UCC Chairperson M. Adonis; and UTMB employees RN Monica D. Flewelling, RN Kelly/Kent, psychologist Mrs. FNU Werner, psychologist Mrs. FNU Myers, psychologist Mrs. FNU Williams, and psychologist Mr. FNU Villernez. Plaintiff names these individuals in their individual, official, and "municipal" capacity (Docket Entry No. 1, p. 2.)

The Court has screened the complaint pursuant to 28 U.S.C. § 1915 and finds that an answer from the defendants is necessary. Accordingly, the defendants are notified of this suit through delivery of the complaint to Leah O'Leary, Assistant Attorney General for the State of Texas, Law Enforcement Defense Division, and the Court ORDERS as follows:

1. The defendants shall have sixty (60) days from receipt of this order to file an answer. The defendants shall respond to each and every factual and legal allegation in plaintiff's complaint.

2. Within thirty (30) days after an answer is filed, the parties are to disclose to each other all information relevant to the claims or defenses of the party. The parties shall promptly file a notice of disclosure with the Court after such disclosure has taken place. No further discovery will be allowed except upon further order of the Court. Any proposed discovery must be submitted to the Court for authorization to serve. No conferences are required under Rule 26(f) or 16(b) of the Federal Rules of Civil Procedure.

3. All dispositive motions must be filed within ninety (90) days after the date the defendants' answers are due. Plaintiff shall respond to any dispositive motion filed by the defendants (or any defendant) within thirty days after the date in which the defendants or defendant mailed plaintiff his copy of the motion, as shown on the motion's certificate of service. Plaintiff's failure to respond timely to the motion will result in dismissal of this lawsuit for failure to prosecute, or in the Court's disposition of the motion as unopposed.

4. Each party shall serve the other party, or counsel of record, a copy of every pleading, motion, letter, or other paper submitted to this Court or otherwise filed in this lawsuit. *Pro se* parties must sign their own pleadings, motions, letters, or other communications and documents; failure to comply with this provision will result in the item being stricken from the record.

5. Every pleading, motion, letter, or other paper submitted to or filed with the Court shall include a certificate of service signed by the party or counsel of record stating the date a true and correct copy of the item was mailed and to whom it was mailed. Any item submitted or filed without the required certificate of service will be stricken from the record without further notice.

6. There will be no direct communication with the U.S. District Judge or U.S. Magistrate Judge, whether by letter or other communication. All communications must be submitted to the Clerk of Court with copies to all parties or counsel of record. Items failing to conform to this requirement will be stricken from the record.

The Clerk of Court shall provide a copy of this order to plaintiff, and a copy of plaintiff's complaint (Docket Entry No. 1) and this order to Leah O'Leary, Assistant Attorney General for the State of Texas, Law Enforcement Defense Division, 300 W. 15th Street, Austin, Texas 78701, by any receipted means. The Clerk shall also send copies of these pleadings by e-mail to the following docketing clerks assigned to the Attorney General's Office, Law Enforcement Division: (1) Gloria Chandler at gloria.chandler@oag.texas.gov,

3

(2) Elizabeth Mejia at elizabeth.mejia@oag.texas.gov, and (3) the General E-Mail Address for Docketing at led_docket@oag.texas.gov.

Signed at Houston, Texas, on May  4 , 2022.

_____
Gray H. Miller
Senior United States District Judge